**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES W. VAN AUKEN**                              **07-CV-1225**
                                                               **(GLS/DRH)**
                                **Plaintiff,**

                        **v.**

**JOSEPH A. ADAMKIEWICZ** *and*
**DONNA J. ADAMKIEWICZ,**

                                **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Roemer, Wallens Law Firm          MATTHEW J. KELLY, ESQ.
13 Columbia Circle
Albany, NY 12203

**FOR DEFENDANTS:**

Napierski, Vandenburgh Law Firm SHAWN F. BROUSSEAU, ESQ.
296 Washington Avenue Extension      SHAWN T. NASH, ESQ.
Albany, NY 12203

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

   In this diversity action, plaintiff James W. Van Auken seeks damages

for injuries he sustained when he fell down the rear staircase of defendants' residence, allegedly due to their negligence.  Pending is defendants' motion for summary judgment.  For the reasons that follow, the motion is granted and Van Auken's action is dismissed in its entirety.

## II.  Facts[1]

In 1975, defendants Joseph and Donna Adamkiewicz purchased their home in Ghent, New York.  (*See* Def. SMF ¶ 4; Dkt. No. 7:18.)   The home was built in 1847.  *Id.* at ¶ 3.  The Adamkiewiczes have not substantially altered the layout of the home beyond the expansion of their kitchen and the addition of a porch and garage sometime between 1985 and 1990, for which two building permits were issued.  (*See* Def. SMF ¶ 5; Dkt. No. 7, 1985 &1989 Building Permits; Dkt. No. 8.)  The residence has a front and rear staircase which lead to the second floor.  The rear staircase is made of

---

[1]The facts are derived from defendants' statement of material facts.  While Van Auken has denied various paragraphs of defendants' 7.1 statement, many of these denials are either unsupported by the record citations provided (*See* Pl. RSMF ¶¶ 6, 10, 11, 15, 27; Dkt. No. 8), fail to cite to the record (*See* Pl. RSMF ¶ 17; Dkt. No. 8), or are based on affidavits which are inconsistent with prior deposition testimony (*Compare* Pl. RSMF ¶ 30; Dkt. No. 8 and Aff. cited therein, *with*, Van Auken Dep. 41:15-16; Dkt. No. 7:4).  The court has disregarded these denials, as they fail to create a genuine issue of fact.  *See Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) (stating "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that ... contradicts the affiant's previous deposition testimony"); *Roco Carriers, Ltd. v. M/V Nurnberg Exp.*, 899 F.2d 1292, 1298 (2d Cir. 1990) ("A party opposing a motion for summary judgment must set forth specific facts demonstrating the existence of a genuine issue of fact.").

wood with a single wooden handrail on one side and twelve risers. (*See* Def. SMF ¶ 31; Dkt. No. 7.) The handrail in the rear staircase was installed in 1985, replacing a previous handrail at the same location. *Id*. at ¶¶ 6, 7. The Adamkiewiczes did not otherwise significantly alter the rear stairwell. *Id*. at ¶ 6. In the second floor hallway of the Adamkiewiczes' home, there is an overhead light near the upstairs bathroom. *Id*. at ¶ 11. The rear stairwell is directly adjacent to the upstairs bathroom, and the upstairs hallway light provides sufficient illumination of the stairwell to observe and avoid it when entering the bathroom. *Id*. at ¶¶ 13, 14, 16. The light is operable by two switches, one at the base of the front stairs and one at the top of the front stairs. *Id*. at ¶¶ 9, 10. The upstairs hall light and both switches were in working order at the time of the accident. *Id*. at ¶¶ 15, 17. Prior to November 26, 2005, there had been no falls on the rear staircase, reports of difficulties with the staircase or light switches, or complaints about the illumination in the second floor hallway. *Id*. at ¶¶ 32-35.

Van Auken was an overnight guest at the Adamkiewiczes' home over the Thanksgiving holiday weekend in 2005, and was staying on the second floor. *Id*. at ¶¶ 18, 20. On the evening of November 26, 2005, Van Auken ascended the front stairs to use the upstairs bathroom. *Id*. at ¶ 23. Van

3

Auken did not turn on the upstairs hallway light prior to going up the stairs, as he has testified he did not know where the switches were located.  (*See* Van Auken Dep. 36:4-10; Dkt. No. 7:4.)  Nor did he look for a light switch upon reaching the upstairs hallway.  *Id.* at 39:16-40:1.  As such, the second floor was dark when Van Auken reached the top step.  (*See* Def. SMF ¶ 26; Dkt. No. 7.)  However, he could see the closed bathroom door and started towards it.  *Id.* at ¶¶ 27, 28.  As he reached for the bathroom door he fell down the rear staircase, seriously injuring himself.  *Id.* at ¶ 29.  He did not attempt to grasp the handrail of the rear staircase while he fell.  *Id.* at ¶ 30.

Van Auken filed this action on November 19, 2007, seeking one million dollars in damages under a theory of negligence.  (*See* Dkt. No. 1.) The Adamkiewiczes have moved for summary judgment dismissing Van Auken's action on grounds that they did not breach any duty, any breach of duty was not the proximate cause of Van Auken's injury and they had no notice of any defective condition.  (*See* Dkt. No. 7.)

### III.  Standard of Review

The standard for the grant of summary judgment is well-established, and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle,*

4

499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

## IV. **Discussion**

Because this is a diversity action based upon events occurring in New York, New York substantive law applies. *See* 28 U.S.C. § 1332; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 71-80 (1938). Under New York law, "a landowner has a duty to maintain his property in a reasonably safe condition in view of all the circumstances." *Clinton v. Johnson*, 167 A.D.2d 772, 772-73 (3d Dep't 1990) (citing *Basso v. Miller*, 40 N.Y.2d 233, 241 (1976)). Where, as here, a negligence claim is asserted under a theory of premises liability, the plaintiff must present evidence that "the landowner control[led] the property, that a defect exist[ed], and that the defect cause[d] plaintiff's injuries." *McHale v. Westcott*, 893 F. Supp. 143, 147 (N.D.N.Y. 1995) (Pooler, J.) (citing *Turrisi v. Ponderosa, Inc.*, 179 A.D.2d 956 (3d Dep't 1992)). In the present instance, there is no dispute that the Adamkiewiczes owned the residence in which Van Auken's injuries occurred. As such, the court will focus on the parties' arguments regarding the defect and causation elements.

## A. **Defects**

Van Auken proffers numerous defects in the Adamkiewiczes' home at

the time of his fall which purportedly caused his fall and attendant injuries.

He asserts that the second floor hallway was insufficiently illuminated to

see the rear staircase, and hints at a generalized dissatisfaction with the

light switches at the base and top of the front staircase.  (*See* Kelly Aff. ¶¶

5, 18; Dkt. No. 8.)  Additionally, Van Auken contends the proximity of the

bathroom to the rear staircase created a trap.  (*See* Van Auken Mem. at 3;

Dkt. No. 9.)  Van Auken further points out that the Adamkiewiczes' expert,

Chet Zaremba, testified that numerous aspects of the rear stairwell did not

comply with the Town of Ghent's 2007 building code.  Specifically, light

switches were absent from the immediate base and top of the rear

staircase.  (*See* Kelly Aff. ¶¶ 10, 16, 18, 21; Dkt. No. 8, Zaremba Dep. 35-

37; Dkt. No. 7:11.)   The railing in the rear stairwell was also of an improper

circumference, did not extend to the very top of the rear stairs and was at

least 1 ½ inches lower than code.  (*See* Kelly Aff. ¶¶ 15, 17, 21; Dkt. No. 8,

Zaremba Dep. 12-13, 24-25; Dkt. No. 7:11.)   Finally, the risers in the rear

stairwell did not comply with the 2007 code in that they varied slightly in

height and were not perfectly level.  (*See* Kelly Aff. ¶¶ 15, 16; Dkt. No. 8,

Zaremba Dep. 21-23, 27-29; Dkt. No. 7:11.)   Van Auken contends that his

fall and injuries would not have occurred in the absence of these defects.

6

The court cannot agree.

Initially, the court notes that there is no defect with respect to the lighting in the upstairs hallway or the switches at the base or top of the front staircase.  The record establishes that there were functional light switches at the base and top of the front stairs, as well as a working light fixture in the second story hallway near the upstairs bathroom.  Van Auken's assertions to the contrary find no evidentiary support.  Further, while Van Auken contends that he did not turn on this light before or after ascending the front stairs because he did not know where the switches were located, this fact does not present a defect for which the Adamkiewiczes can be held liable.  Under New York law, a residence owner is not required to provide twenty-four hour illumination, but rather has a duty limited to providing access to adequate working light fixtures.  *See Savage v. Desantis*, 56 A.D.3d 1013, 1015 (3d Dep't 2008).  Here, there is simply no evidence that the switches for the upstairs hallway have some uncommon or unexpected placement, such that they could be considered inaccessible.[2]  Nor had the Adamkiewiczes received any prior complaints

---

[2]It is also notable that the Adamkiewiczes were home at the time of Van Auken's accident.  (*See* Donna Adamkiewicz Dep. 6-7; Dkt. No. 7:6.)  As such, he could have simply asked where the light switches were for the upstairs hallway if he was unable to find them.

about the location of the switches for the upstairs hallway light or the amount of illumination this fixture provided.  In fact, Van Auken has conceded that the second floor hall light fixture, when on, provides adequate lighting to see and avoid the rear stairwell.  As such, the court finds as a matter of law that there was nothing defective in regards to the lighting for the second story hallway and the switches at the top and bottom of the front staircase.

For similar reasons, the court also rejects Van Auken's contention that the proximity of the bathroom to the rear stairwell created a trap, as there is no evidence that the rear staircase is hidden from view or not readily apparent when in the second floor hallway under normal conditions. *Cf. Wrubel v. Rose Boutique II, Inc.*, 13 A.D.3d 264 (1st Dep't 2004) (finding issue as to trap where stairs were hidden from view by merchandise and shelving); *Slate v. Fredonia Cent. Sch. Dist.*, 256 A.D.2d 1210 (4th Dep't 1998) (expert's affidavit stating that latent defective step repair constituted a trap sufficient to create issue of fact).  Again, Van Auken has conceded that the rear staircase is clearly visible when the upstairs hallway light is turned on.   Nor had there been any prior falls or complaints involving the rear staircase.  Finally, unlike in *Slate*, Van Auken

8

has not submitted any expert proof indicating that the proximity of the rear staircase to the upstairs bathroom constitutes a trap or dangerous situation. In sum, the mere fact that Van Auken did not observe the rear stairwell due to his failure to turn on the hallway light prior to or after ascending the front stairs does not establish the existence of a trap.

Despite the above, there is a question as to the existence of defects in the rear stairwell due to the 2007 building code violations testified to by Zaremba. Both parties agree that preexisting, noncompliant features of a home do not need to be brought up to code unless the building undergoes alterations which require a building permit. *See, e.g., Vachon v. State,* 286 A.D.2d 528, 531 (3d Dep't 2001). The Adamkiewiczes' house was built in the 1800's, prior to the enactment of any building code. However, building permits were issued in 1985 and 1989 for the expansion of the kitchen and the construction of the garage and porch. As such, Van Auken contends that the rear stairwell was required to be in compliance with the 2007 code. While the conclusion that alterations in the 1980's require compliance with a 2007 building code is clearly a non sequitur, the parties do not address this disconnect or, for that matter, even identify the applicable building code or provisions thereunder. Instead, citing to the reply affidavit of Zaremba,

9

the Adamkiewiczes contend that only portions of a house which are being

renovated are required to comply with current building codes.  (*See*

Zaremba Reply Aff.; Dkt. No. 12:1.)  This argument is not particularly

compelling, as it appears contrary to Zaremba's previous affidavit and New

York case law, which indicate that a substantial change to the home

requires full compliance with the current code.  (*See* Zaremba Aff. ¶¶8, 9;

Dkt. No. 7:15.)  *See also Cole v. Emunah General Contracting Inc.*, 227

A.D.2d 877, 878 (3d Dep't 1996) (indicating that additions exceeding the

replacement cost of the building by 50% require the entire structure to be

brought up to code).  As such, the court accepts that there is an issue as to

the existence of defects in the rear stairwell.

**B.    Proximate Cause**

Despite the possibility of defects in the rear stairwell, Van Auken's

negligence claim nevertheless fails on the proximate cause prong of the

analysis.  "Although issues of proximate cause are generally fact matters to

be resolved by a jury ..., the plaintiff must establish prima facie that the

alleged negligence was a substantial cause of the events which resulted in

his injuries."  *Gleason v. Reynolds Leasing Corp.*, 227 A.D.2d 375, 376 (2d

Dep't 1996).  On a summary judgment motion, a defendant may establish

his entitlement to judgment as a matter of law on the issue of proximate cause upon a showing that there is no causal connection between the defects proffered and the plaintiff's injury. *See, e.g., Plowden v. Stevens Partners, LLC*, 45 A.D.3d 659, 660-61 (2d Dep't 2007).  This showing cannot be defeated by a plaintiff's "sheer speculation" as to a causal relationship. *Id*. at 661 (citations and internal quotation marks omitted). Here, none of the proffered *de minimis* defects in the rear stairwell were the proximate cause of Van Auken's injuries.

First, the defects noted in the rear staircase's risers were clearly not related to Van Auken's fall, as he was neither ascending nor descending these stairs, but rather fell down them from the second floor hallway after ascending the front stairs.  It is illogical to suggest that the fall would have been averted but for the minute variations in the height and level of the rear staircase's risers.

Second, Van Auken's contention that his injuries would have been avoided if there was a light switch at the immediate top of the rear staircase is without merit.  Van Auken has testified that he did not look for a switch for the upstairs hallway light after ascending the front stairs and moving towards the upstairs bathroom.  (*See* Van Auken Dep. 39:22-40:1; Dkt. No.

7:4.)  Clearly the absence of a light switch one is not looking for is an

irrelevant defect.[3]  *Cf. Savage*, 56 A.D.3d at 1014 n.1, 1015-16 (dismissing

negligence claim arising from fall down stairs in dark apartment building

where plaintiff never looked for a light when he entered the building);

*Rugieri v. Bannister*, 22 A.D.3d 299, 302 (1st Dep't 2005) (allowing

negligence action to survive based on inadequate lighting where plaintiff

looked for light switch immediately prior to falling down stairs).  In any

event, Van Auken necessarily passed two light switches for the upstairs

hallway light at the base and top of the front staircase.  It is sheer

speculation to assert that a third switch at the top of the rear staircase

would have been his saving grace.

Third, and finally, Van Auken's contention that he "could have

grabbed" the railing if it had not been defective is undermined by his

deposition testimony, wherein he has admitted that he made no attempt to

reach for the railing during his fall.  (*See* Van Auken Dep. 41:15-16; Dkt.

No. 7:4.)  As such this case is distinguishable from *Martinez v. Melendez*,

32 A.D.3d 999, 1000 (2d Dep't 2006), in which the plaintiff attempted to

---

[3]In a similar vein, Van Auken's contention that the Adamkiewiczes' failure to turn on the nightlight in the upstairs bathroom is irrelevant, as the bathroom door was closed and, in any event, there is no evidence it would have illuminated the rear staircase.  ( *See* Van Auken Dep. 40:1-11; Dkt. No. 7:4.)

grasp a defective railing while falling down the stairs, thus creating an issue of fact as to the defect's relation to his injuries.  Where plaintiffs have not attempted to reach for a defective or absent handrail when falling, as here, New York's courts have consistently declined to find a causal relationship between the defect and the injuries.  *See, e.g., Plowden*, 45 A.D.3d at 660-61; *Pancella v. County of Suffolk*, 16 A.D.3d 566 (2d Dep't 2005); *Hyman v. Queens County Bancorp, Inc.*, 307 A.D.2d 984, 986-87 (2d Dep't 2003), *aff'd*, 3 N.Y.3d 743 (2004).

Thus, Van Auken has failed to create an issue of fact as to the causal relationship between the defects noted in the rear stairway and his injuries.[4]  Accordingly, as there is no evidence that a defect in the Adamkiewiczes' home caused Van Auken's fall, the motion for summary judgment is granted and this action is dismissed in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[4]Given the lack of defects in the front stairway switches and upstairs hallway light, and the lack of proximate cause between Van Auken's injury and the potential defects in the rear stairway, the court need not address the Adamkiewiczes' contention that Van Auken's action also fails because there was no notice of the defects.  However, the court does note that, with the exception of the handrail installed in the rear staircase in 1985, the Adamkiewiczes' did not create any of the trivial defects noted by Van Auken, and there is no evidence that they had actual or constructive notice of them.  *See McHale*, 893 F. Supp. at 148-49.

**ORDERED** that the Adamkiewiczes' motion for summary judgment

(Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this

Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: May 19, 2009

United States District Court Judge